The opinion of the court was delivered by
Gibson, C. J.
The argument for the plaintiff, is founded on the fallacious assumption, that in gaining a legal advantage over the other creditors, the defendant was guilty of a fraud; which, in turn, is founded on an obiter dictum of the judge who delivered the opinion of the court in Richter v. Selin. 1 am unable to perceive how a measure to obtain such an advantage, when unattended with misrepi’esentation or an abuse of confidence, can be inconsistent with the strictest honour. The creditor may know, that the debtor intends to give a preference to others; and what can be the harm *226 óf hm attempt to prefer himself? It is to be remembered, that the parties are dealing with legal rights, and not principles of generosity in sharing a loss. Placed in a condition of common pferil, which imposes on each the necessity of struggling for his own preservation, good faith requires no more of them than that each should not deceive the other to his prejudice. Whom did the defendant decisive? Not the endorsee of the note; for he recovered it, or, what is the same thing, obtained a credit for the amount by defalcation. Not the assighees or any of the creditors; for he had no transaction with them. By obtaining on the contract of endorsement, more for his note than he could have made of it in his own hands, he deceived no one who placed confidence in him, or had a right , to prescribe to him any particular course of conduct; and I am unable to understand how a creditor who has thus obtained more than his proportion from an insolvent fund, may be compelled to restore it. In all cases of the stamp; a legal advantage is a conscionable advantage. Thus it was held by this court, in Carson v. M’Farland, 2 Rawle, 118, that a creditor who has been paid more than his proportion, by mistake of the executor, can not be compelled to refund it. Monfey can be follow’ed only when it has been received mala fide; whence results a clear and indisputable rule of law, that when •paid by mistáke in discharge of a just debt, it may not be recovered back. Now, to be successful, what would be the gist of an action here? Not deceit; for the defendant deceived no one. Not the gain of a legal advantage; which, as the law allows it, surely cannot be unlawful. It must necessarily be the receipt of money to the plaintiff’s use, for the excess beyond what would have been the defendant’s dividehd. But the money had of the endorsee was not that which was coming to fhe éstate of thé insolvent; it was the price of a chose in action, parted with on terms which the law did not prohibit between the parties; and which did not create a trust for the plaintiff: and be the fancied equity of the case what it may, ■ there is not such privity between the parties as will support an action.
Judgment affirmed: